```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
WEBADVISO, J. TAIKWOK YUNG,           :

                Plaintiff,            :

        - against -                   :     MEMORANDUM DECISION

BANK OF AMERICA CORP.,                :     09 Civ. 5769 (DC)
MERRILL LYNCH,
                                      :
                Defendants.
                                      :
- - - - - - - - - - - - - - - - - -x
```

**APPEARANCES:**        J. TAIKWOK YUNG
                        556 East 88th Street
                        Brooklyn, NY  11236
                          Plaintiff Pro Se

                        CONDON & FORSYTH LLP
                              By:  John Maggio, Esq.
                        7 Times Square
                        New York, NY  10036

                               - and -

                        WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
                              By:  Charles A. Burke, Esq.
                                   Jacob S. Wharton, Esq.
                        One West Fourth Street
                        Winston-Salem, NC  27101
                          Attorneys for Defendants

**CHIN, District Judge**

In this case, plaintiff J. Taikwok Yung, suing herein as "Webadviso, J. Taikwok Yung," seeks a judgment declaring that his use of the domain names "bofaml.com" and "mlbofa.com" does not violate the rights of defendants Bank of America Corporation ("Bank of America") and Merrill Lynch & Co., Inc. ("Merrill Lynch"), sued herein, respectively, as "Bank of America Corp." and "Merrill Lynch."

On December 31, 2009, I issued a memorandum decision setting forth my findings of fact and conclusions of law in connection with my granting of defendants' motion for a preliminary injunction. Webadviso v. Bank of Am. Corp., No. 09 Civ. 5769 (DC), 2009 WL 5177997 (S.D.N.Y. Dec. 31, 2009). At the conclusion of my memorandum decision, I ordered plaintiff to show cause why summary judgment should not be granted against him dismissing his complaint and awarding defendants the relief requested in their answer and counterclaims. Id. at *5. I directed plaintiff to provide, in his opposition papers, "whatever evidence and arguments he has to support his claims and to oppose defendants' counterclaims," and to "identify any genuine issues of material fact that he believes warrant a trial." Id.

Plaintiff responded in a timely manner, by filing a document entitled "Motion To Show Cause." In it, plaintiff asks the Court to deny summary judgment and to order the commencement of discovery. I accept the "Motion To Show Cause" as plaintiff's opposition to summary judgment.

Summary judgment is hereby granted in favor of defendants dismissing the complaint and awarding them the relief requested in their answer and counterclaims.

First, as set forth in my December 31st memorandum decision, the substantial evidentiary record provided by the parties on defendants' motion for a preliminary injunction showed clearly that defendants are likely to succeed on their

cybersquatting claim. That same evidence shows, with respect to the merits, that defendants are entitled to judgment as a matter of law.

Second, that record includes plaintiff's own statements and admissions. In his complaint, plaintiff describes himself as a "domainer" who seeks to "acquire high value domain names and park them with domain parking service providers to generate pay-per-click revenue" or to build websites. (Compl. ¶ [3.]). In an e-mail dated March 27, 2009, from plaintiff to counsel for defendants, plaintiff suggested he would be willing to sell the "bofaml.com" domain name, and suggested it would "fetch near 7 figures" on the open market. (Ferrario Aff. ¶¶ 4, 5 & Ex. 2).

Third, defendants have provided documentary evidence that shows that Webadviso has a history of registering domain names that include well-known trademarks, including combinations of marks of large financial institutions that have considered mergers (West Aff. ¶ 23 & Ex. 23), and that, as of June 26, 2009, Webadviso had registered some 180 domain names. (Ferrario Aff. ¶ 18 & Ex. 11). The documentary evidence also shows that plaintiff created websites using defendants' domain names and that both websites offered the domain names for sale. (West Aff. ¶¶ 16, 17 & Exs. 12-15; Compl. ¶ [3.]; 7/10/09 Yung Aff. ¶ 16).

Fourth, the undisputed evidence is that Webadviso registered the domain names "BOFAML.COM" and "MLBOFA.COM" through GoDaddy.com, a domain name registration company, on September 14, 2008, and that he did so on the same day that the media reported

Bank of America's acquisition of Merrill Lynch.  (West Aff. ¶¶ 14, 15 & Exs. 10, 11).

Fifth, it is undisputed that on May 15, 2009, a hearing panel at the National Arbitration Forum (the "NAF") ruled that (1) the domain names "bofaml.com" and "mlbofa.com" were confusingly similar to Bank of America's "B OF A" trademark, (2) Webadviso had no right or legitimate interest in the domain names, and (3) Webadviso registered and was using the domain names in bad faith.  The panel further ordered the transfer of the domain names to Bank of America.  (Ferrario Aff. ¶ 11 & Ex. 5).[1]

As discussed in my December 31st memorandum decision, these facts show clearly that plaintiff registered defendants' domain names with the intent to sell them back to defendants for his own profit, as he sought to "cash in" on the publicity generated by the merger.  See Webadviso, 2009 WL 5177997, at **3-5.

In his opposition to summary judgment, plaintiff does not present sufficient evidence to support a verdict in his favor.  Nor does he demonstrate the existence of genuine issues of material fact for trial.  To the contrary, his arguments against summary judgment fail.

---

[1] The parties have not addressed whether the NAF's arbitration award has any preclusive effect in this case or what weight, if any, it carries.  I give plaintiff the benefit of the doubt and consider the claims herein de novo, but I do consider the NAF's findings as some evidence in support of defendants' assertions.

For example, plaintiff argues that the NAF panel rendered a "split" decision. That is true to the extent that the panel ordered relief only with respect to the names bofaml.com and mlbofa.com and not with respect to the names bofamerrill and merrillbofa. (See 7/2/09 Tr. at 4). But as defendants are not seeking relief with respect to the latter two names, the fact that defendants did not prevail in the entirety in the arbitration proceedings is not relevant. (See id.).

In his opposition, plaintiff also argues that he is entitled to discovery. (Mot. To Show Cause ¶¶ 6, 9). But plaintiff would only be entitled to discovery if he could show the existence of genuine issues of material fact that warrant discovery or if he could articulate how discovery would reasonably be expected to lead to admissible and helpful evidence. He has not done so. See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 573 (2d Cir. 2005) ("bare assertion that the evidence supporting a plaintiff's allegations is in the hands of the defendant is insufficient" to warrant discovery); Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004) (under Fed. R. Civ. P. 56(f), party requesting discovery must articulate how discovery is "reasonably expected to raise a genuine issue of material fact").

Plaintiff also argues that he has never sold a domain name or attempted to do so. (Id. ¶ 10). But this argument is belied by his own admission that he is a "domainer" who seeks to "acquire high value domain names and park them with domain parking service providers to generate pay-per-click revenue" or

to build websites. (Compl. ¶ [3.]). He cannot now take a position, in an effort to defeat summary judgment, that so clearly contradicts the allegations of his own complaint. See Hayes v. N.Y. City Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996).

Moreover, even assuming Yung has never sold a domain name, the indisputable documentary evidence discussed above shows unequivocally that he has endeavored to do so. Indeed, in this case, he sent an e-mail soliciting an offer for one of the domain names and suggesting that it was worth "7 figures." Plaintiff's conclusory denial that he is a cybersquatter is belied by the detailed, indisputable evidence to the contrary.

## CONCLUSION

For the reasons set forth above and in the December 31, 2009, memorandum decision, summary judgment is hereby granted in favor of defendants dismissing the complaint and awarding them the relief requested in their counterclaims. Defendants shall submit a proposed final judgment, on notice, within five days hereof.

SO ORDERED.

Dated:   New York, New York
         February 16, 2010

DENNY CHIN
United States District Judge